UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-107 |
| VANITY VINCENT | SECTION: "G"(1) |

## ORDER AND REASONS

Before the Court is a Motion to Return Seized Property, filed by the State of Texas and the Pearland Police Department (collectively, "Movants").[1] Having considered the motion, the opposition, the record, and the applicable law, for the following reasons, the Court will deny the motion.

## I. Background

On February 27, 2012, Movants filed the pending Motion to Return Seized Property, wherein Movants seek to have returned currency in the amount of $13,845.[2] The funds were initially seized by the Pearland Police Department from defendant Vanity Vincent ("Vincent") and others pursuant to provisions in the Texas Code of Criminal Procedure regarding contraband.[3] Regarding the funds, on April 7, 2011, the State of Texas filed "a civil action in the 412th District Court of Brazoria County, Texas, . . . seeking the judicial forfeiture [of the currency]" from Vincent and others, her co-

---

[1] Rec. Doc. 236.

[2] *Id*.

[3] *Id*. at ¶ 1. The currency was alleged to be contraband under Texas law because it allegedly was intended to be used in the commission of a felony narcotics offense. *Id*.

1

defendants in that action.[4] Prior to the conclusion of that action and pursuant to a federal warrant signed by Magistrate Judge Sally Shushan in the Eastern District of Louisiana on September 28, 2011, the Pearland Police Department was directed to turn over the currency to federal authorities.[5] Federal authorities sought these funds in relation to a drug-related conspiracy being prosecuted in the Eastern District of Louisiana, which is this criminal action.[6] Vincent is currently charged here in this conspiracy,[7] and the funds at issue are claimed by the government as a forfeiture in this criminal proceeding.[8]

Subsequent to the issuance of the federal warrant, the State of Texas filed a notice of nonsuit and a motion to dismiss the state civil action, which the state court granted on October 17, 2011.[9] On November 15, 2011, Vincent filed a motion in the Texas state court for return of the funds, arguing that she was entitled to judgment for the funds given that the Texas state action had been dismissed.[10] Vincent's co-defendant interest-holders filed waivers of interest to the seized funds,

---

[4] *Id.* at ¶ 2.

[5] *Id.* at ¶ 3. The warrant incorrectly stated the amount to be seized as $13,825 rather than $13,845. The Government has explained this discrepancy as follows: "When the Government sought the seizure of the currency at issue, it was believed that the amount was $13,825, as had been communicated by local law enforcement. However, following the execution of the warrant and when depositing the sum into the appropriate holding account, federal agents learned that the actual amount seized (and subject to forfeiture) is/was $13,845." Rec Doc. 241-1 at p. 2 n. 3.

[6] On May 5, 2011, an indictment was issued in the Eastern District of Louisiana, charging several individuals in a drug-related conspiracy. Rec. Doc. 1. Vincent was not initially charged, but was later added by the Third Superseding Indictment issued on December 1, 2011. Rec. Doc. 139.

[7] *See* Fourth Superseding Indictment, Rec. Doc. 208.

[8] *Id.* at p. 7; Bill of Particulars, Rec. Doc. 238.

[9] Rec. Doc. 236 at ¶ 3. The state court noted that the State of Texas contended that the notice of nonsuit was filed only after the Pearland Police Department had been served with the federal warrant. Rec. Doc. 236-1 at p. 3.

[10] Rec. Doc. 236-1 at pp. 3-4.

and on January 23, 2012, the state court entered a final order granting Vincent's motion to have the property returned to her and directing the Pearland Police Department to return the funds.[11]

Because the Pearland Police Department had previously forwarded the funds to the Eastern District of Louisiana pursuant to the federal warrant issued by Magistrate Judge Shushan, it no longer had the funds to return them to Vincent. Accordingly, the Pearland Police Department, along with the State of Texas, filed the instant motion.[12] Therein, Movants argue that this Court should issue an order directing return of the funds to the registry of the state district court for disposition. Movants bring their motion under Federal Rule of Criminal Procedure 41(g).[13]

Prior to the submission date on the Motion to Returned Seized Property, the Government filed a Motion to Strike Third Party Motion to Return Seized Property, which was set for submission at an earlier time than the instant motion.[14] Therein, the Government argues that under 21 U.S.C. § 853, not only are Movants inappropriate persons to seek return of the property but also that "third party involvement in this case at this stage is expressly barred by [that] federal law," such that Movants are not entitled to a hearing at this time.[15] The Government further contends that (1) Federal Rule of Criminal Procedure 41(g) provides Movants with no avenue of relief and (2) there

---

[11] Rec. Doc. 236 at ¶ 4. Given that no application was made to the state court to release its control over the seized funds prior to the funds being turned over to federal authorities, the state court found that it retained jurisdiction over the funds even after they were turned over to federal authorities. Rec Doc. 236-1 at p. 5.

[12] Rec. Doc. 236 at ¶ 5.

[13] *Id.* at ¶ 8.

[14] Rec. Doc. 241.

[15] *Id.* at p. 3.

3

is no concurrent jurisdictional bar as to the criminal forfeiture.[16] On April 17, 2012, the Government filed its memorandum in opposition to the instant motion, in which the Government "hereby adopt[ed], as if copied herein *in extenso*, all arguments raised in its Motion to Strike and memorandum in support thereof."[17] On May 17, 2012, this Court denied the Motion to Strike, finding that the Motion to Return Seized Property could "more appropriately be considered on its own merits,"[18] an inquiry to which this Court will now turn.

## II. Law and Analysis

### A. *Movants' Entitlement to Hearing*

In opposition to the pending motion, the Government has asserted that Movants are not entitled to a hearing at the present time because they are inappropriate parties to seek return of the funds because they have no possessory interest in the funds and instead seek return for the sole purpose of returning the funds to Vincent.[19] The Government argues that Vincent is the appropriate person to petition the Court for return of the property in question.[20] Further, the Government argues that Movants may not enter this phrase of a criminal case.[21]

Federal law bars a party claiming an interest in property subject to forfeiture from intervening

---

[16] *Id.* at pp. 3-5.

[17] Rec. Doc. 276 at p. 2.

[18] Rec Doc. 310 at p. 2.

[19] Rec. Doc. 241-1 at p. 3.

[20] *Id.*

[21] *Id.*

in a trial or appeal of a criminal case involving forfeiture of property, stating: "Except as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture under this section may -- (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section. . . ."[22] Under subsection (n), an exception exists such that a third party may assert its interest in ancillary proceedings under procedures set forth in that subsection.[23] However, the Fifth Circuit Court of Appeals, sitting *en banc* in *United States v. Holy Land Foundation for Relief and Development*, has explicitly held that third parties may contest forfeiture under 21 U.S.C. § 853(n) "only *after* the termination of the pending criminal case."[24] In *Holy Land*, like here, the Government argued that the movant was required to pursue its interest in the property in question under the scheme set forth in the federal criminal forfeiture statute, 21 U.S.C. § 853.[25] The court agreed, finding "the relevant law is to be found in the criminal forfeiture statute itself, which lays out a detailed scheme by which third party claimants like [the movants] can assert their interest in the restrained assets."[26] The court determined that "it would be a significant burden on the Government to have to defend the forfeiture order from attack by a third party during the course of an ongoing criminal prosecution."[27]

---

[22] 21 U.S.C. § 853(k).

[23] *Id.*; 21 U.S.C. § 853(n).

[24] 493 F.3d 469, 477 (5th Cir. 2007) (*en banc*).

[25] *Id.* at 472-73.

[26] *Id.* at 477.

[27] *Id.*

5

Therefore, to the extent that Movants even qualify as third parties,[28] the criminal case is still ongoing and the time is not yet ripe for Movants to seek return of the seized property. As such, the instant motion is premature and Movants are not entitled to hearing at this time.

### B. *Return Under Federal Rule of Criminal Procedure 41(g)*

Notwithstanding that the instant motion is premature, this Court would also be unable to grant relief under Federal Rule of Criminal Procedure 41(g). Here, Movants have brought their motion to return seized property under this Rule, which provides:

> A person aggrieved by an unlawful search and seizure of property *or* by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.[29]

Accordingly, even if the search or seizure was lawful, a person may nonetheless be aggrieved because "harm may come from the interference with the use of the property by persons who are not suspected of wrongdoing."[30] The burden rests on the moving party to show, by a preponderance of the evidence, that he is entitled to lawful possession.[31] However, the motion to return the property

---

[28] Because the Court finds that this motion is premature, it need not consider whether Movants qualify as third parties who might properly seek return of the funds at a later time.

[29] Fed. R. Crim. P. 41(g) (emphasis added).

[30] 3A C. Wright, et al., Federal Practice & Procedure § 690 (4th ed. 2012).

[31] *United States v. Dean*, 100 F.3d 19 (5th Cir. 1996).

*must be filed in the district where the property was seized.*[32]

In this case, even assuming that the Movants qualify as "aggrieved person(s),"[33] the motion is improperly before this Court. The instant motion was filed in the Eastern District of Louisiana, which is not where the funds were seized. Therefore, this Court has no authority to return the funds under Federal Rule of Criminal Procedure 41(g) and need not consider whether Movants have carried their burden to show that they are entitled to lawful possession of the funds.

### III. Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Motion to Return Seized Property[34] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __1st__ day of June, 2012.

        **NANNETTE JOLIVETTE BROWN**
        **UNITED STATES DISTRICT JUDGE**

---

[32] Fed. R. Crim. P. 41(g); *see also In re Grand Jury Proceedings*, 115 F.3d 1240 (5th Cir. 1997); *Jacobo-Flores v. United States*, No. L-07-105, 2008 WL 4415146, at *2 (S.D. Tex. Sept. 24, 2008) ("A court is the proper venue if it sits in the same district where the property was seized.") (citing *United States v. Clymore*, 217 F.3d 370, 373, 376 (5th Cir. 2000)).

[33] Similar to the Government's argument that Movants do not qualify as third parties under 21 U.S.C. § 853, the Government contends that Movants do not qualify as aggrieved persons because Movants only seek return of the funds so that they can return them to Vincent. Rec. Doc. 241-1 at p. 5. Because the Court finds that it lacks authority to grant a Rule 41(g) motion here, it need not consider whether Movants might qualify as aggrieved persons under the Rule.

[34] Rec. Doc. 236.