UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 11-107 |
| GREGORY STEWART<br>EVANS LEWIS | SECTION: "G" (1) |

### ORDER AND REASONS

This Court, having been notified of the Government's intent not to seek the death penalty for Defendants Gregory Stewart and Evans Lewis (collectively, "Defendants"),[1] finds that additional counsel is no longer warranted here. Further, after consultation with their client, counsel for each defendant will notify the Court as to which attorney will continue in the representation of the defendant.

This Court has sole and exclusive jurisdiction over matters related to the appointment and dismissal of counsel.[2] Thus, the Court has broad discretion to determine whether Defendants may retain additional counsel, and the Court may make this determination *sua sponte*.[3]

Section 3005 of Title 18 of the United States Code provides that when a person "is indicted for [a] capital crime, the court before which the defendant is to be tried . . . shall promptly, upon the defendant's request, assign 2 . . . counsel, of whom at least 1 shall be learned in the law applicable to capital cases."[4] Considering the Government's notice of intent not to

---

[1] Rec. Doc. 333.

[2] *See* 18 U.S.C. § 3006A; 18 U.S.C. § 3591 *et seq.*

[3] *See* Rec. Doc. 334 at Exs. A, B; No. 10-329; Rec. Doc. 262 (E.D. La. Sept. 19, 2012) (J. Africk).

[4] 18 U.S.C. § 3005.

1

seek the death penalty, this case is no longer a capital case, and so counsel learned in the law of capital cases is no longer required.[5]

The Court looks to the applicable guidelines in the Guide to Judiciary Policies when weighing how to exercise its discretion here.[6] Section 630.30.20 of the Guide to Judiciary Policies recommends that "the court *should* consider the questions of the number of counsel and the rate of compensation needed for the duration of the proceeding" once it is determined that the death penalty will not be sought.[7] "[A]bsent extenuating circumstances," the court should "make an appropriate reduction in the number of counsel"[8] after considering the following four factors:

(1) the need to avoid disruption of the proceedings;

(2) whether the case is unusually complex; and

(3) whether the decision not to seek the death penalty occurred late in the litigation;

(4) any other factors that would interfere with the need to ensure effective representation of the defendant.[9]

Finding that extenuating circumstances are not present here, and after examining these four factors in turn, the Court does not believe that Defendants require additional counsel at this time.

First, the proceedings will not be disrupted by requiring Defendants to choose which attorneys will continue in their representation of Defendants. This matter arises in a much larger alleged drug conspiracy, where both defense counsel for the formally capital defendants and the

---

[5] *See id.*

[6] The Fifth Circuit's opinion in *United States v. Fields*, 483 F.3d 313 (5th Cir. 2007) demonstrates that this Court's examination of the factors set forth in the Guide to Judiciary Policies is appropriate. In *Fields*, the Fifth Circuit also referenced the Guide to Judiciary Policies in interpreting 18 U.S.C. § 3005, as it relates to the recommendation of the Federal Public Defender. *Id.* at 348 & n. 32.

[7] § 630.30.20.

[8] § 630.30.20(a).

[9] *Id.*

government have already advised the Court that for reasons other than the number of counsel appointed to these defendants, that the matter should be continued.  Moreover, attorneys for each Defendant have represented to this Court that they have developed a strong relationship of trust with their client and are familiar with the case.[10]  Furthermore, by allowing the Defendants in conjunction with their counsel to select which attorney will withdraw from the matter, the Court is satisfied that disruption in the proceedings will not occur.

Second, although there was some delay in deciding whether or not to pursue the death penalty, this delay was due, in part, to the need for defense counsel to present mitigating evidence.  The Court is not convinced that this delay is sufficient to warrant the retention of two attorneys for each Defendant.  Moreover, the Court wishes to encourage the Government to give defense counsel, after capital counsel has been appointed, sufficient opportunity to present mitigating evidence counseling against imposition of the death penalty when it is warranted or appropriate.  And, again, as noted above, both sides have indicated justice requires continuance of the trial for other reasons.

Third, the Court finds that this alleged drug conspiracy case involving one alleged murder does not present the degree of complexity that would support the need for additional counsel. The Court has reviewed other Eastern District of Louisiana cases in which additional counsel were permitted, including *United States v. Hardrick*[11] and *United States v. Chancey*,[12] and the Court does not find the instant case similar to those cases.  In *Hardrick*, the defendant was ultimately charged with five murders and numerous other offenses, including carjacking and

---

[10] *See* Rec. Doc. 336 at p. 4; Rec. Doc. 337 at p. 4.

[11] No. 10-202, Rec. Docs. 104 (E. D. La. July 25, 2012) (J. Vance).

[12] No. 04-214, Rec. Doc. 85 (E.D. La. June 8, 2005) (J. Fallon).

witness tampering.[13] *Chancey* did not involve a situation where the government was ever seeking the death penalty, but the factual background was very complex, involving conspiracy to commit arson, mail fraud, interstate travel to aid racketeering, violation of the federal firearm statutes, use of fire to commit a federal felony, as well as the underlying substantive offenses in which the defendants were specifically involved.[14] In fact, this case is more similar to *United States v. Raymond*, where the Defendant was indicted on charges related to carjacking and murder.[15] In *Raymond*, the presiding judge did not allow the defendant to retain additional counsel.[16] Likewise, the Court does not find additional counsel warranted here.

Finally, the Court is unaware of any evidence suggesting that dismissal of additional counsel would interfere with effective representation of Defendants. As noted above, both counsel aver that in each case the appointed attorneys have established a relationship with the defendant. Further, the Court is aware that this case involves numerous other defendants who are not charged with capital offenses, all of whom are proceeding with the representation of only one appointed attorney.

The Court acknowledges a difference among circuits on whether the Government's decision not to seek the death penalty extinguishes the defendant's right to capital counsel. However, "[t]he majority of the federal courts of appeal agree that once the government has formally informed the court and the defendant of its intention not to seek the death penalty, the matter is no longer a capital case within the meaning of § 3005," and the district court is not

---

[13] No. 10-202, 2011 WL 2516340, at *1 (E.D. La. June 22, 2011) (J. Vance).

[14] No. 04-214, 2006 WL 3469565, at *1 (E.D. La. Nov. 29, 2006) (J. Fallon).

[15] No. 09-157, 2012 WL 3644760, at *1 (E.D. La. Aug. 24, 2012) (J. Africk).

[16] *See* Rec. Doc. 334 at Ex. B.

required to continue the appointment of a second attorney.[17] Notably, the Fourth Circuit declined to follow this interpretation in *United States v. Boone*, where the defendant was charged with an indictment which carried the potential to be charged as a capital matter and Boone requested two counsel, despite the fact that the government was not seeking the death penalty.[18] The Fourth Circuit held, in *Boone*, that "§ 3005 provides an absolute statutory right to two attorneys in cases where the death penalty may be imposed"[19] regardless of any "later decision by the government to seek or not to seek the death penalty."[20] The parties have not raised and the Court is not aware of any case from the Fifth Circuit consistent with *Boone* or directly addressing this issue.

In cases where the stakes are so high, it may be difficult to know where to draw the line on sufficient representation, however, the applicable law and the specific facts of this case weigh in favor of reducing the number attorneys appointed to the Defendants.

**IT IS HEREBY ORDERED**, having already advised the parties in status conferences[21] on October 12, 2012 of the Court's intention to reduce the number of counsel and providing defense counsel two weeks to notify the Court as to which attorney will be withdrawing, the appointed counsel for the Defendants shall advise the Court **on or before October 26, 2012** which one of the two attorneys representing each defendant will continue to represent the same,

---

[17] *United States v. Douglas*, 525 F.3d 225, 237 (2d Cir. 2008) (relying on *United States v. Waggoner*, 339 F.3d 915 (9th Cir. 2003); *United States v. Casseus*, 282 F.3d 253 (3d Cir. 2002); *In re Sterling-Suarez*, 306 F.3d 1170 (1st Cir. 2002); *United States v. Grimes*, 142 F.3d 1342 (11th Cir. 1998)).

[18] 245 F.3d 352 (2001).

[19] *Id.* at 358.

[20] *Id.* at 359.

[21] Rec. Docs. 354, 355.

and an appropriate motion to withdraw shall be filed by the attorneys who will not continue their representation.

**NEW ORLEANS, LOUISIANA**, this 23rd day of October, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**